# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| DANIZEL HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:17-cv-2072-STA-egb |
| | ) | |
| SHELBY COUNTY; BILL OLDHAM, | ) | |
| Sheriff; ROBERT MOORE, Chief Jailer; | ) | |
| and MS. FNU HAYLETTS, Aramark | ) | |
| Kitchen Manager, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On February 1, 2017, Plaintiff Danizel Hines, who at the time of filing was a pre-trial detainee at the Shelby County Criminal Justice Center ("the jail"), in Memphis, Tennessee, filed *pro se* a Complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted Hines leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk is instructed to record the Defendants as Shelby County,[1] Sheriff Bill Oldham, Chief Jailer Robert Moore, and Ms. First Name Unknown ("FNU") Hayletts, Aramark Kitchen Manager.

## BACKGROUND

The Complaint alleges that while eating his lunch on January 14, 2017, Hines bit into a piece of glass embedded in beans. (Compl. at 2, ECF No. 1.) Hines notified his pod officer

---

[1] The Court construes claims against the Shelby County Sheriff's Office as claims against Shelby County. The Clerk is DIRECTED to remove the Shelby County Sheriff's Office as a defendant and add Shelby County as the correct party.

FNU Burns, who is not a party to this action, that he had found glass in his lunch and had chipped a tooth. (*Id*. at 3.) Hines requested medical attention and demanded to speak with Sgt. M. Williams, the floor supervisor. (*Id.*) Hines's requests were denied. When Hines reported the incident to another pod officer during the next shift, the officer told Hines that his injury was not that serious because he was not dead. (*Id.*) Hines filed a grievance in which he largely restated these same allegations. (*Id.*, *see also* Grievance No. 324271, ECF No. 1-1.)

## SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the pleading standards under Federal Rule Civil Procedure 12(b)(6) announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the Complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ultimately, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2)

2

nevertheless requires factual allegations to make a "showing, rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). And district courts are not required "to ferret out the strongest cause of action on behalf of *pro se* litigants." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). In the final analysis, a court "cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011).

## **ANALYSIS**

Hines filed his *pro se* Complaint on the official form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Hines seeks to hold Shelby County, the Shelby County Sheriff, the Chief Jailer, and the kitchen manager liable for his injuries. The Court concludes, however, that Hines has failed to state a plausible claim for relief against any of these Defendants.

**I. Claims Against Shelby County**

The Court first holds that Hines has failed to state a claim against Shelby County. When a § 1983 claim is made against a municipality or other local government, the Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A local government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality can only be held responsible for a constitutional deprivation if there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Hines has failed to allege the existence of any county policy or custom. Civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993). Still, in order "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). At the very least, a complaint must

satisfy Rule 8(a)'s notice pleading requirements and give a municipality notice of the plaintiff's theory of liability. *E.g., Oliver v. City of Memphis*, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004). Rather than identify an official policy or custom which caused his alleged injury, Hines apparently sues Shelby County because Hines is confined at a county instiutiton and the County may employ a person who allegedly violated Cooper's rights. These allegations fail to state a claim for municipal liability against Shelby County. Therefore, Hines's *pro se* Complaint is **DISMISSED** as to Shelby County.

**II. Claims Against the Individual Defendants**

Likewise, the Court holds that the Complaint fails to state a claim for relief against any of the individual Defendants. Viewing the allegations in a light most favorable to Hines, the gravamen of Hines's Complaint is that Ms. Hayletts in her capacity as the kitchen manager at the jail is liable for the injury to Hines's tooth and that Sheriff Oldham and Chief Moore in their respective capacities as supervisory officials at the jail are liable for the denial of medical treatment. Hines's claims implicate the Eighth Amendment right to be free from cruel and unusual punishment. But as a threshold matter, Hines has not alleged any specific facts against any of individual Defendants to show how they were personally involved in his alleged injuries. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Without some allegation that Sheriff Oldham, Chief Moore, or Ms. Hayletts was personally aware of Hines's injury or his need for medical treatment, Hines has failed to plead a plausible Eighth Amendment claim.

Assuming for purposes of screening that Hines's dental injury constituted a serious medical need, Hines has alleged no facts to show that any of the individual Defendants were deliberately indifferent to his need. In order to make out an Eighth Amendment violation, a

prisoner must show that a prison official acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id.* at 835. Hines cannot hold any of the individual Defendants liable unless he can show that Sheriff Oldham, Chief Moore, or Ms. Hayletts subjectively knew of an excessive risk of harm to Hines's health and then disregarded that risk. *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" does not state a claim for deliberate indifference. *Id.* at 838. Without some plausible allegation that any of the individual Defendants were aware of Hines's chipped tooth and disregarded the risk that the chipped tooth presented to Hines's health, the Complaint fails to allege that the individual Defendants were deliberately indifferent to Hines's serious medical needs. Therefore, Hines's Complaint is **DISMISSED** as to Sheriff Oldham, Chief Moore, and Ms. Hayslett.

### III. Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Hines may be able to cure the defects in his Complaint by amending his pleadings. Therefore, the Court will grant Hines an opportunity to file an amended complaint.

### CONCLUSION

The Court **DISMISSES** the Complaint for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, leave to amend is **GRANTED**. Any amendment must be filed within thirty (30) days of the date of entry of this order. Hines is advised that an amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. The text of the amended complaint

must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint or the first amended complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Hines fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

The record shows that after he filed his Complaint, Hines was transferred to another facility. The Clerk of Court had to mail copies of court orders to Hines more than once and then had to investigate Hines's new location so that the Clerk could update the docket to reflect Hines's current mailing address. Hines is cautioned that he is responsible for promptly notifying the Clerk in writing of any change of address, transfer to another facility, release from custody, or other extended absence. Failure to maintain current and accurate contact information with the Clerk may result in the dismissal of Hines's case without further notice.

**IT IS SO ORDERED.**

             **s/ S. Thomas Anderson**
             S. THOMAS ANDERSON
             CHIEF UNITED STATES DISTRICT JUDGE

             Date: March 12, 2018.