IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DANIZEL HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:17-cv-2072-STA-egb |
| | ) | |
| SHELBY COUNTY et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF DISMISSAL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE**

On February 1, 2017, Plaintiff Danizel Hines, who at the time of filing was a pre-trial detainee at the Shelby County Criminal Justice Center, in Memphis, Tennessee, filed *pro se* a Complaint under 42 U.S.C. § 1983 and a motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) The Court granted Hines leave to proceed in forma pauperis and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.)

In an order entered March 12, 2018, the Court concluded that Hines had failed to state a claim for relief under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). However, the Court found good cause to allow Hines to file an amended complaint and cure the defects the Court had found in the initial Complaint. The Court gave Hines thirty (30) days in which to file his amended complaint and cautioned Hines that if he failed to file an amended complaint within the time specified, the Court would assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment. Hines has not filed an amended complaint within the time allowed and has not requested an extension of time in which to do so. Therefore, judgment will be entered in

accordance with the March 12, 2018, order dismissing the Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Hines case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that led the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Hines would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Hines nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), partially overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated in forma pauperis affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Hines, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 18, 2018